UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22684-BLOOM/Otazo-Reyes

DEMIS ESPINOZA, *on behalf of himself
and on behalf of all others similarly situated*,

      Plaintiff,

v.

PEOPLEASE, LLC, *et al.*,

      Defendants.
_____/

## OMNIBUS ORDER ON MOTIONS TO STAY

**THIS CAUSE** is before the Court upon Defendant Managed Labor Solutions, LLC's ("MLS") Motion to Stay Case Pending Appeal, ECF No. [61] ("MLS Motion"), filed on January 13, 2022, and Defendant Peoplease, LLC's ("Peoplease") Motion to Stay Case Pending Appeal, ECF No. [63] ("Peoplease Motion"), filed on January 14, 2022 (collectively, "Motions"). To date, Plaintiff has not filed a response to the Motions. The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are granted.

On June 1, 2021, Plaintiff initiated this putative class action against Defendants MLS and Peoplease (collectively, "Defendants"), arising from Defendants' purported violations of the Fair Credit Reporting Act of 1970, 15 U.S.C. § 1681, *et seq.* ("FCRA"). *See* ECF No. [1-2]; *see also* ECF No. [29] ("Amended Complaint"). On December 17, 2021, this Court entered an Omnibus Order denying MLS's Motion to Stay Case and Compel Arbitration, or, in the Alternative, to Dismiss Plaintiff's Amended Class Action Complaint, ECF No. [33], and Peoplease's Motion to Compel Arbitration and Dismiss Plaintiff's Complaint or, Alternatively, to Stay Proceedings, ECF

No. [34]. ECF No. [54] ("Order"). In that Order, the Court held that Plaintiff's FCRA claims do not fall within the arbitration clause of the Notice and Agreement of Co-Employment, ECF No. [33-1]. *See generally* ECF No. [54]. On January 13, 2022 and January 14, 2022, respectively, Defendants appealed this Court's Order. *See* ECF Nos. [60] & [62]. Defendants now seek to stay these proceedings pending resolution of the appeal by the United States Court of Appeals for the Eleventh Circuit.

Upon careful review, the Court agrees that a stay pending resolution of the appeal is appropriate under the circumstances. Indeed, the Court cannot conclude that the appeal is frivolous. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004) ("When a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous."). Additionally, the Court agrees with Defendants that considerations of preserving time and resources warrant divesting this Court of its authority to proceed in a case where a pending appeal concerns a right not to litigate the dispute at all. *Id.* at 1253; *see also Seth v. Rajagopalan*, No. 12-61040-CIV, 2013 WL 11927709, at *1 (S.D. Fla. Mar. 5, 2013).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motions, **ECF Nos. [61] & [63]**, are **GRANTED**.

2. The above-referenced case is **STAYED** pending resolution of the appeal before the United States Court of Appeals for the Eleventh Circuit, Appeal No. 22-10110.

3. The Clerk of Court shall **CLOSE** this case for administrative purposes only.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 21-cv-22684-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 31, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record